[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR REBATE OF FORFEITED BOND
BACKGROUND
On October 19, 1993, Wanda Perez, a licensed bond person, posted a $50,000 surety bond for Jose DeJesus in the captioned case. Ms. Perez wrote the bond as agent for Amwest Surety Insurance Company (hereinafter "Amwest"). On May 4, 1994, DeJesus failed to appear in court and the posted bond was ordered forfeited. After the expiration of the six month stay mandated by General Statutes § 54-65a(d), the State of Connecticut made a demand for payment of the bond.
Ms. Perez attempted to locate DeJesus on her own without success. She thereafter hired Jim McFadden, a so-called "bounty hunter", to find him. McFadden's fee was ten percent of the bond; payable when the fugitive was caught. On February 27, 1995, acting on information provided by McFadden, the Bridgeport Police Department arrested DeJesus on the Failure to Appear warrant. Perez paid McFadden a $5,000 fee.
After negotiations to compromise the bond were unsuccessful, the state collected the full $50,000 bond from Amwest. Wanda Perez now seeks a rebate of a portion of that amount. An evidentiary hearing was held on the rebate motion on September 13, 1996.
DISCUSSION
General Statutes § 54-65a(b) provides:
 Whenever an arrested person, whose bond has been forfeited, is returned to the jurisdiction of the CT Page 7757 court within one year of the date such bond was ordered forfeited, the surety on such bond shall be entitled to a rebate of that portion of the forfeited bond as may be fixed by the court or as may be established by a schedule adopted by rule of the judges of the court.
The judges of the Superior Court have not, as yet, adopted any schedule for bond rebates. In addition, the parties were unable to provide the court with any case that has applied this rebate provision of the statute.
The state's position is that no rebate is warranted. They argue that Perez delayed in paying the bond and engaged in a variety of legal maneuvers to avoid payment. In their view, she had a contractural obligation to make full payment and should held to that obligation.
Perez seeks a rebate of $43,500. She claims that since DeJesus was apprehended within three months after the expiration of the statutory stay only twenty-five percent of the bond is due. She further claims that the bounty hunter Fee of $5,000. should be deducted from this amount leaving a payment of $6,500. and a rebate of $43,500.
While the state's contractural view would be easy to apply, it seems to ignore the import of § 54-65a(b). That statute provides a surety with a continuing incentive to try to return the arrested person to court, namely, a rebate of a portion of the forfeited bond. The statute recognizes the public policy interest in having arrested persons appear in court to face the criminal accusations made against them. The state's straight contract approach seems more appropriate for situations where the person is rearrested more than one year after the bond forfeiture.
The court feels that three factors should be considered in determining what is a fair rebate: 1) the length of time the person is a fugitive; 2) the degree to which the surety's efforts contributed to the person's apprehension; and 3) the prejudice suffered by the state as a result of the failure to appear. These factors should be applied to this case.
DeJesus was arrested approximately ten months after he failed to appear in court and almost four months after the CT Page 7758 expiration of the expiration of the six month statutory stay. This is squarely within the authorized time frame for a rebate. Accordingly the court finds that Wanda Perez is entitled to some rebate of the forfeited bond.
The efforts of Wanda Perez, through a hired bounty hunter, were the principal reason that DeJesus was apprehended. There is no indication in the record of any other effort made by the police to serve the rearrest warrant. This is a significant factor that persuades the court that a meaningful rebate should be ordered.
The state has not claimed any prejudice in the prosecution of DeJesus stemming from his failure to appear in court. There is no indication that evidence was lost, or that previously available witnesses became unavailable due to the defendant's fugitive status.
For all these reasons, the court concludes that Wanda Perez is entitled to a rebate. The rebate is not to be reduced by any expenses incurred by Wanda Perez. Such costs have been already considered in determining the amount of the rebate.
CONCLUSION
Based upon the full record of this case, the state shall rebate the amount of thirty thousand ($30,000) dollars.
Such rebate shall be made to:
 Amwest Surety Insurance Company P.O. Box 4500 Woodland Hill CA 91365
So ordered at New Haven, Connecticut this 3rd day of October, 1996
Robert J. Devlin, Jr. Superior Court Judge CT Page 7759